JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Jerry Green, appeals the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, which imposed an aggregate sentence of thirteen years.
 {¶ 2} Green was originally charged with aggravated murder in the juvenile court system, and the State sought to bind him over to the adult court. After the mandated bind-over hearing, it was determined that Green was not amenable to juvenile rehabilitative services, and he was bound over to the Court of Common Pleas, General Division, to face the charges as an adult.
 {¶ 3} He was indicted on one count of aggravated murder, in violation of R.C. 2903.04, with a felony murder specification and a three-year firearm specification. Additionally, he was indicted on one count of aggravated robbery, in violation of R.C. 2911.01. Green entered a plea of not guilty, but after plea negotiations, he entered a plea of guilty to an amended indictment charging one count of involuntary manslaughter, in violation of R.C. 2903.04(A), with a three-year firearm specification.
 {¶ 4} Thereafter, Green was sentenced to the maximum sentence of three years on the firearm specification and ten years for the involuntary manslaughter count, to be served consecutively to the firearm specification, for an aggregate sentence of 13 years of incarceration.
 {¶ 5} Green presents one assignment of error for this court's review, which states
 {¶ 6} "I. The trial court erred when it failed to impose the minimum prison sentence as mandated by R.C. 2929.11 and R.C. 2929.14."
 {¶ 7} The appellant entered a plea of guilty to one count of involuntary manslaughter, a felony of the first degree, which carries a possible prison term of three to ten years of incarceration. R.C.2929.14(A)(1). Further, pursuant to R.C. 2929.13(D), a prison term is presumed for a felony of the first degree. However, R.C. 2929.14(B) provides, in part:
 {¶ 8} "[I]f the court in imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 9} The Ohio Supreme Court in State v. Edmonson (1999),86 Ohio St.3d 324, 326, held that while R.C. 2929.14(B) requires the lower court to make its findings on the record, it does not require it to articulate its reasons for its findings. The court interpreted R.C.2929.14(B) to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id.
 {¶ 10} The appellant argues that because he has not previously served a prison term, the lower court was under a duty to impose the shortest prison term authorized for the offense. He concedes that the lower court did find pursuant to R.C. 2929.14(B) that the shortest prison term would not adequately protect the public from future crime by the appellant, but he argues that the lower court's reasoning to reach this conclusion was incorrect. He contends that the lower court, in considering the seriousness of the offense, utilized the wrong standard by allegedly equating the facts of his offense, a first degree felony, to a situation that would constitute a less serious crime, namely a third degree felony. Under this reasoning, the appellant argues the more severe crime would always be considered more serious than the other.
 {¶ 11} We find no merit to the appellant's position for the following reasons. At sentencing, the lower court stated the following in sentencing the appellant to the maximum allowable term of incarceration:
 {¶ 12} "The statute, as we all know, says that the defendant has the burden of overcoming the presumption of prison. And, of course, he hasn't done that. The statute also says that the Court should give the minimum sentence if someone has not been to prison unless the minimum sentence would demean the seriousness of the defendant's conduct or not adequately protect the public from future crime. And, frankly, I don't have any question that the minimum sentence would meet both of those standards because the minimum sentence here would get him out at age 22. I don't have a great deal of confidence with this record if Jerry Green gets out of prison at age 22, and having been told by this Court that all you get is the minimum when you kill somebody, that he's going to learn anything. I think that all the testosterone and everything else that drives young men will still be raging and at its height, and I don't think the public will be safe with a young man with this record out of prison at age 22. So the more significant question from my perspective is whether he should get the maximum sentence or somewhere in between the maximum.
 {¶ 13} "* * *
 {¶ 14} "Now, this is a killing with zero justification. Even if he was shooting only to scare him, even if it were a ricochet, it wasn't shot straight up in the air. It wasn't shot straight down in the ground. It was pointed in the direction of this man, and a man who was confronting the defendant because he, the victim, had been robbed and wanted his money back, and upon whom the defendant pulled the gun, and he could have shot him, tried to shoot him a couple of times in the struggle over the gun. Mr. Turner got the gun, runs away, throws the gun away; in effect, saves the defendant, unwittingly exposes himself to further danger, and the defendant shoots him. I mean I can't think of any form of involuntary manslaughter that is worse than that. It's clearly the worst form of involuntary manslaughter. Most of the time you think of involuntary manslaughter as maybe somebody stealing a car and the car gets in an accident, kills somebody, maybe it's a drunk driving case that sometimes gets prosecuted as involuntary manslaughter, but when what you're doing is shooting a gun at somebody after a robbery, with no justification, that to me is the worst form of the offense. I might even conclude that Jerry has the greatest likelihood of committing future crime, and I do think that is true, unless the Green family makes the kind of commitment that needs to be made to Jerry over the period that he's in prison, because he's got to come out a changed person with a supportive and loving family that will be setting a good example."
 {¶ 15} The appellant alleges that the lower court improperly equated his conduct with offenses that would constitute a third degree felony in reaching it's conclusion that the appellant's conduct was the worst form of the offense, namely the lower court's mention of homicide offenses related to automobile theft or driving while intoxicated. This allegation is clearly without merit in light of the abundant evidence and the lower court's detailed analysis in reaching it's conclusion to impose the maximum term of incarceration.
 {¶ 16} As stated by the lower court, the appellant earlier robbed the victim. Later, the victim, in an attempt to retrieve his money, approached the appellant only to have a weapon pulled on him, which was then fired multiple times. Luckily, the weapon misfired and the victim was able to wrestle the weapon from the appellant. The victim discarded the weapon and began to flee. The appellant retrieved the weapon and then fired in the direction of the victim, hitting the victim in the back and causing his death. The fact that the lower court merely mentioned other situations which would constitute less serious forms of the offense of involuntary manslaughter is of no significant merit. Moreover, the appellant's allegations that the lower court's scenarios constitute lesser degree felonies is mere speculation because each offense in and of itself is unique, which, depending on the circumstances, could arguably constitute a felony of a greater degree. To state that the scenarios mentioned by the lower court would be no more than felonies of the third degree is clearly erroneous.
 {¶ 17} Accordingly, we hereby find that the lower court exceeded the requirements of R.C. 2929.14 and State v. Edmonson, supra, by stating its findings and reasonings with regard to the necessity of imposing the maximum sentence of incarceration. Therefore, we find no merit to the appellant's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and SEAN C. GALLAGHER, J., concur.